**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY CREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1368 DDN |
| | ) | |
| TERRY RUSSELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jerry Crew (registration no. 1114378), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $43.48. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $217.42, and an average monthly balance of $128.15.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $43.48, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs. Named as defendants are Terry Russell (Warden, Eastern Reception Diagnostic and Correctional Center ("ERDCC")), Unknown Chastain (Physician, Corizon, Inc.), Shantee Pribble (Nurse, Corizon), Unknown Huff (Custody Officer, ERDCC), Roshell Davis (Medical Administrator, Corizon), and Pascha Allen (Nurse, Corizon). Plaintiff sues each defendants as "individuals," which the Court construes as asserting claims against defendants in their individual capacities.

Plaintiff alleges that when he was admitted to ERDCC in April 2009 he had been diagnosed with ulcerative colitis. Plaintiff claims that he informed officials at

ERDCC of his condition and that he had been prescribed Asacol to treat it.  Plaintiff asserts that defendants Chastain and Pribble refused to give him Asacol.

Plaintiff claims that defendant Huff refused to call medical staff when plaintiff declared an emergency surgery.

Plaintiff claims that as a result of not being properly medicated he became extremely sick.  Plaintiff says he lost fifty-five pounds in two weeks because of stomach pain, nausea, vomiting, diarrhea, and headaches.  Plaintiff alleges that he eventually was sent to an outside hospital where he had emergency surgery and the surgeon told him he might not survive the surgery.

Plaintiff maintains that after he had the surgery he had a colostomy bag. Plaintiff asserts that defendants Davis and Allen refused to provide him with medical supplies to take care of the colostomy bag, and he says he was forced to empty and clean it in the sink in his cell.

Plaintiff alleges that defendant Russell "knew or should have known" about the alleged infringements on his constitutional rights.

## Discussion

The complaint states a plausible claim for deliberate indifference in violation of the Eighth Amendment against defendants Chastain, Pribble, Huff, Davis, and

Allen.  As a result, the Court will order the Clerk to serve process or cause process to be served as to these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that defendant Russell was directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to Russell.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $43.48 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dr. Chastain, Shantee Pribble, Unknown Huff, Roshell Davis, and Pascha Allen.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dr. Chastain, Shantee Pribble, Unknown Huff, Roshell Davis, and Pascha Allen shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendant Russell is **DISMISSED** from the complaint without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

---

[1]Dr. Chastain, Shantee Pribble, Roshell Davis, and Pascha Allen are alleged to be Corizon employees.  Unknown Huff is alleged to be a Custody Officer at ERDCC.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of July, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE